Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP MOBILE DATING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAP DATING, INC., a Delaware corporation; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-09071<br><br>**COMPLAINT FOR:**<br><br>1. Federal Trademark Infringement and Counterfeiting (15 U.S.C. § 1114, et seq;<br>2. Federal Unfair Competition, 15 U.S.C. § 1125, et seq.<br>3. Common Law Trademark Infringement;<br>4. Deceptive Practices (Cal. Civ. Code § 1770); and<br>5. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200)<br><br>**JURY TRIAL DEMANDED** |

1
COMPLAINT

Plaintiff TAP MOBILE DATING, INC. ("TMD"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and damages stemming from Defendant TAP DATING, INC ("Tap Dating") and DOES 1-10's (collectively "Defendants") acts of trademark infringement, false designation of origin, deceptive practices, and unfair competition in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

2. This action arises under 15 U.S.C. §§ 1114 and 1125 of the Lanham Act.

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b). The state law claims arise from the same common nucleus of operative facts and transactions such that Plaintiff would ordinarily be expected to try them all in a single proceeding. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

6. Plaintiff TMD is a Delaware Corporation with a principal place of business at 1435 Tanager Way, Los Angeles, California 90069.

7. Upon information and belief, Defendant Tap Dating is a Delaware corporation with a principal place of business at 2007 Mongallo Drive, Coraopolis, Pennsylvania 15108 and is doing business within this District.

8. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiffs' trademarks, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**PLAINTIFF AND THE TAPDAT MARK**

10. TMD is the owner of all right, title, and interest in the federally registered trademark TAPDAT ("the Mark") under United States Registration Number 6,549,502 in connection with, *inter alia*, a mobile application for dating and dating services ("the Registration"). The Mark is valid and enforceable and has been used in commerce since in or around October of 2018.

11. TMD currently offers a mobile application and dating services under the Mark. TMD and the prior owner of the Mark, Tapdat Limited, have extensively advertised and promoted the mobile application for dating and dating services under the Mark throughout the United States.

12. As a result of the advertising and promotion, the Mark is widely recognized by consumers, immediately identifying Plaintiff as the exclusive

source, licensor, or endorser of the services and products to which the Mark is affixed or displayed, and signifying goodwill of incalculable value.

13. Plaintiff is informed and believes that Defendants, and each of them, are marketing and advertising their product and selling or offering for sale infringing products or services, namely dating services mobile app, using a mark that is confusingly similar to the Plaintiff's Mark. Specifically, the Defendants use of the TAP! Mark ("Infringing Mark") violates Plaintiff's rights because it is confusingly similar to Plaintiff's TAPDAT Mark.  Non-inclusive exemplars of Defendants use of the Infringing Mark are shown below:





14. Defendants' advertisement and marketing of its goods and services using the Infringing Mark violates Plaintiff's rights in the Mark.

15. Defendants applied for federal registration of the TAP! mark under Serial No. 98/049,124, and did so with knowledge of Plaintiff's Mark.

16. Defendants' principal, Justin Moses, abandoned the 98/049,124 application for the registration of the Infringing Mark, after it was refused registration by the examining attorney on a 2(d) basis for likelihood of confusion with Plaintiff's Mark.

17. On September 6, 2023, counsel for Plaintiff notified Defendants that their website offered and/or advertised merchandise and/or services using a mark that was confusingly similar to Plaintiff's Mark and requested confirmation of the steps taken to remedy the foregoing. Defendants responded to Plaintiff's correspondence but refused to cease using the Infringing Mark.

18. Defendants' products and services offered and sold using the Infringing Mark are substantially similar in style and substance to those offered and sold exclusively by Plaintiff under the Mark. By advertising and selling products and services bearing a mark confusingly similar to Plaintiff's Mark, Defendants are appropriating Plaintiff's brand and its reputation.

19. Plaintiff did not authorize the above-alleged conduct by Defendants, and such conduct is in violation of Plaintiff's rights as the exclusive owner of the Mark.

20. Defendants are marketing and providing services and products in the same channels of trade as those of Plaintiff.

21. Defendants' use of the Infringing Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation, and loss of goodwill in the Mark. Plaintiff has and will continue to suffer losses to its business relations with consumers and prospective consumers for their services and products.

22. Defendants', and each of their use of the Infringing mark has and, unless enjoined, will continue to cause actual confusion in the marketplace.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under 15 U.S.C. § 1114(1) - Against all Defendants)**

23. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

24. TMD is the owner of the valid, distinctive Mark as to, *inter alia*, mobile applications for dating and dating services. The Mark has been used in commerce continuously since 2018. Through promotion and publicity, the Mark has acquired secondary meaning in the relevant markets. The Mark is strong and well known and is entitled to a broad scope of protection.

25. The level of recognition that the Mark has amongst the segment of society to whom Defendants market their goods and services to is high; and Plaintiff believes to be the reason for which Defendants have adopted and used a confusingly similar mark on their advertisements for similar goods and services.

26. Defendants' use of the Infringing Mark in advertisements is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Plaintiff, or deceive as to the origin, sponsorship or approval of Defendants' goods and services. Plaintiff has not authorized Defendants' use of the Infringing Mark. Consumers, including Defendants' customers, are likely to believe that their improper use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval of Plaintiff.

27. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

28. As a result of Defendants' infringement, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests.

29. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

30. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff have no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Infringing Mark, Plaintiff will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125 – Against All Defendants, And Each)**

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

32. Defendants' use of the Infringing Mark and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendants' aforesaid unauthorized use of the Infringing Mark falsely suggest that they are associated with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' aforesaid unauthorized use of the Infringing Mark throughout their marketing causes consumers to think that Defendants are affiliated

with or sponsored by Plaintiff, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

36. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

37. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Infringing Mark, Plaintiff will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement - Against All Defendants, and Each)**

38. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

39. Plaintiff owns all right, title, and interest in and to the distinctive Mark and trade name, including all common law rights.

40. The aforesaid acts of Defendants constitute trademark and trade name infringement in violation of the common law of the State of California.

41. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

42. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

43. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Mark, Plaintiff will suffer irreparable harm.

# FOURTH CLAIM FOR RELIEF

**(Deceptive Acts in Violation of California Civil Code Section 1770– Against All Defendants, and Each)**

44. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

45. Upon information and belief, Defendants have willfully and knowingly sold products as the goods of Plaintiff, or at a minimum, have advertised services using the Infringing Mark, in an attempt to exploit Plaintiff's market reputation.

46. As a result of Defendants' deceptive acts, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable harm, and they have no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' unfair competition, Plaintiff will continue to suffer a risk of irreparable harm.

47. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

# FIFTH CLAIM FOR RELIEF

**(Unfair Business Practices in Violation of California Business and Professions Code Section 17200– Against All Defendants, and Each)**

48. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

49. Upon information and belief, Defendants have willfully and knowingly advertised, sold, or offered for sale, products or services as the goods of

Plaintiff, or at a minimum, have advertised products using the Infringing Mark, in an attempt to exploit Plaintiff's market reputation.

50. As a result of Defendants' unfair competition, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' unfair competition, Plaintiff will continue to suffer a risk of irreparable harm.

51. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Entering Judgment for Plaintiff on each of their claims;

2. Awarding Plaintiff such damages as it has sustained or will sustain as a result of Defendants', and each, acts of trademark infringement, counterfeiting and unfair competition and that such claims be trebled pursuant to 15 U.S.C. § 1117, including statutory damages.

3. An order directing that Defendants, and each, account to and pay over to Plaintiff all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

4. An award of actual damages sustained by Plaintiff;

5. That Plaintiff be awarded its attorneys' fees as available under 15 U.S.C. § 1117;

6. An injunction against continued infringement of the Mark pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

7. An injunction against continued infringement of the Mark pursuant to Cal. Bus. & Prof. Code § 14247;

8. An injunction against unfair competition pursuant to Cal. Bus. & Prof. Code § 17203;

9. An order directing Defendants, and each, to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

10. That Plaintiff be awarded pre-judgment interest as allowed by law;

11. That Plaintiff be awarded the costs of this action;

12. That Plaintiff be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each, on account of their willful violation of Federal, California, and common law;

13. A declaration that this case is an exceptional case within the meaning of 15 U.S.C. § 1117;

14. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

15. Awarding Plaintiff costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

16. An order requiring Defendants, and each, to deliver to Plaintiff for destruction or other disposition all remaining products, advertising, promotional and marketing materials bearing or using the Infringing Mark, as well as all means of making the same pursuant to 15 U.S.C. § 1118;

17. Awarding Plaintiff pre-judgment interest on any monetary award made part of the judgment against Defendants; and

18. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 26, 2023   By:   */s/ Kelsey M. Schultz*
Stephen M. Doniger, Esq.
Scott Alan Burroughs, Esq.
Kelsey M. Schultz, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff